UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sebastian GUTIERREZ ONTIVEROS,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>Patrick DIVVER, et al.,<br><br>　　　　　　　　　　　Respondents. | Case No.: 26-cv-0014-AGS-DDL<br><br>**ORDER REQUIRING RESPONSE** |

　　　Petitioner Sebastian Gutierrez Ontiveros seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.)

　　　At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

　　　Over "17 years ago," Gutierrez Ontiveros, "a citizen of Mexico," "entered the United States without inspection." (ECF 1, at 3.) On "December 2, 2025," petitioner was "apprehend[ed]" and "placed [] in removal proceedings." (*Id*.) Petitioner asserts that he has been "den[ied] [] a bond hearing under [8 U.S.C.] § 1226(a)" because of the government's position that he is "subject to mandatory detention" under "8 U.S.C. § 1225," which pertains to applicants for admission. (*Id*. at 7.) He asserts that, because he crossed into the United States "17 years ago," he is not an applicant for admission, and the governing statute is thus not § 1225, but "§ 1226(a)," which would allow his release "on bond." (*Id*. at 6.) This statutory misclassification, he argues, renders his detention "unlawful." (*Id*. at 3.)

1

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Barco Mercado v. Francis*, ___ F. Supp. 3d. ___, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that, in "350" of the "362" opinions to address this issue, the petitioners "have prevailed, either on a preliminary or final basis," and these cases were "decided by over 160 different judges sitting in about fifty different courts"); *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[P]etitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("[T]he government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

By **January 14, 2026**, respondent must answer the petition. Any reply by petitioner must be filed by **January 23, 2026**. The Court will hold oral arguments on **January 30, 2026**, at **2:00 p.m.**

Dated:  January 6, 2026

_____
Hon. Andrew G. Schopler
United States District Judge